# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **FLEXIWORLD TECHNOLOGIES, INC.,** | Case No.  6:21-cv-0767 |
| Plaintiff, | |
| **v.** | Patent Case |
| **ROKU INC.,** | Jury Trial Demanded |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flexiworld Technologies, Inc., files this Original Complaint against Roku Inc. for infringement of U.S. Patent Nos. 7,944,577 ("the '577 patent"), 9,389,822 ("the '822 patent"), 9,836,257 ("the '257 patent"), and 10,846,031 ("the '031 patent") (collectively "the Patents-in-Suit").

## NATURE OF THE SUIT

1.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2.     Plaintiff **Flexiworld Technologies, Inc. ("Plaintiff" or "Flexiworld")** is a Washington corporation with its principal place of business at 2716 SE 169th Ave Q147, Vancouver, WA.

3.     Defendant **Roku Inc. ("Roku")** is a Delaware corporation with a principal place of business located at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* This Court's jurisdiction over this action is proper under the above statutes, including 35

U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and § 1338 (jurisdiction over patent actions).

5.     Roku is subject to personal jurisdiction in this Court.  In particular, this Court has personal jurisdiction over Roku because Roku has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products within this State and this District.  Furthermore, upon information and belief, this Court has personal jurisdiction over Roku because Roku has committed acts giving rise to Flexiworld's claims for patent infringement within and directed to this District.

6.     Upon information and belief, Roku has committed acts of infringement in this District and has one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b). Thus, venue is proper in this District under 28 U.S.C. § 1400(b).

7.     Roku maintains a permanent physical presence within the Western District of Texas, conducting business from at least its location 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759.

8.     Upon information and belief, Roku has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

9.      Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b).

## FLEXIWORLD AND THE PATENTS-IN-SUIT

10.     Flexiworld is a pioneer and leading innovator in the field of pervasive wireless technologies.

11.     Flexiworld was founded by American scientist and inventor William Ho Chang and is an innovator engaged in research and development of technologies for wireless applications and embedded solutions in short-range wireless (*e.g.,* Bluetooth, Wi-Fi) and mobile device markets.

12.     Flexiworld has significantly contributed to the innovation of wireless devices such as mobile phones, notebooks, PDAs, digital cameras, wireless television, wireless printers, and wireless audio devices, etc.

13.     Flexiworld was voted the best early-stage company in the Pacific Northwest in 2002 and Flexiworld's business plan was also voted, consecutively, as the top 2 among the "Ten Best" in 2002 and in 2003 by the Business Journal in Silicon Valley, USA.

14.     Flexiworld's innovative work and results have been widely recognized in the industry.   The company's patents have been repeatedly forward cited by major technology companies worldwide, including by Roku.

15.     Flexiworld develops wireless applications and embedded solutions for the short-range wireless and mobile device market.

16.     William H. Chang, one of the named co-inventors on the Patents-in-Suit, is the founder and President of Flexiworld.  Mr. Chang has been granted over 88 United States patents and over 100 patents worldwide on his inventions.

17.     Christina Ying Liu, one of the named co-inventors on the Patents-in-suit, is a Flexiworld shareholder.  Ms. Liu has been granted over 65 United States patents and over 75 patents worldwide on her inventions.

**The '577 Patent**

18.     The '577 Patent, entitled "Output Controller for Mobile and Pervasive Digital Content Output," duly and legally issued on May 17, 2011, from U.S. Patent Application No. 11/933,005, filed on October 31, 2007, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '577 Patent is attached hereto as **Exhibit 1** and is incorporated by reference.

19.     The '577 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

20.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '577 Patent.

21.     An assignment of the '577 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 012325/0362.

22.     Flexiworld has standing to sue for infringement of the '577 Patent.

**The '822 Patent**

23.     The '822 Patent, entitled "Mobile Information Apparatus That Include Support for Receiving Video Digital Content Over the Internet from a Service, and for Wireless Displaying or Playing Over Air At Least Part of the Received Video Digital Content from the Mobile Information Apparatus to Televisions, Television Controllers, Display Devices, or Projection Devices," duly and legally issued on July 12, 2016, from U.S. Patent Application No. 12/204,695, filed on September 4, 2008, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '822 Patent is attached hereto as **Exhibit 2** and is incorporated by reference.

24.     The '822 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

**ORIGINAL COMPLAINT**                                                            **Page 4 of 16**

25.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '822 Patent.

26.     An assignment of the '822 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at 027257/0455.

27.     Flexiworld has standing to sue for infringement of the '822 Patent.

**The '257 Patent**

28.     The '257 Patent, entitled "Mobile Information Apparatus That Includes Intelligent Wireless Display, Wireless Direct Display, or Transfer of Digital Content for Playing Over Air the Digital Content at Smart Televisions, Television Controllers, or Audio Output Devices," duly and legally issued on December 5, 2017, from U.S. Patent Application No. 10/053,765, filed on January 18, 2002, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '257 Patent is attached hereto as **Exhibit 3** and is incorporated by reference.

29.     The '257 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

30.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '257 Patent.

31.     An assignment of the '257 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 021515/0707.

32.     Flexiworld has standing to sue for infringement of the '257 Patent.

**The '031 Patent**

33.     The '031 Patent, entitled "Software Application for a Mobile Device to Wirelessly Manager or Wirelessly Setup An Output System or Output Device for Service," duly and legally issued on November 24, 2020, from U.S. Patent Application No. 15/594,440, filed on May 12,

2017, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy

of the '031 Patent is attached hereto as **Exhibit 4** and is incorporated by reference.

34.     The '031 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

35.     Flexiworld is the owner and assignee of all rights, title, and interest in and under

the '031 Patent.

36.     An assignment of the '031 Patent from inventors Chang and Liu to Flexiworld is

recorded at the PTO at Reel/Frame 042385/0202.

37.     Flexiworld has standing to sue for infringement of the '031 Patent.

38.     On information and belief, with respect to each Patent-in-Suit Flexiworld has

complied with the requirements of 35 U.S.C. § 287.

39.     Roku has not obtained a license to any of the Patents-in-Suit.

40.     Roku does not have Flexiworld's permission to make, use, sell, offer to sell, or

import products that are covered by one or more claims of any of the Patents-in-Suit.

41.     Roku needs to obtain a license to the Patents-in-Suit and cease its ongoing

infringement of Flexiworld's patent rights.

## GENERAL ALLEGATIONS

42.     Roku makes, uses, sells, offers to sell, and/or imports into the United States

products, and/or engages in practices, as claimed in the Patents-in-Suit.

43.     Roku makes, uses, sells, offers to sell, and/or imports into the United States

products that infringe, and/or engages in practices that infringe, at least one claim of one or more

of the Patents-in-Suit, including but not limited to its Express, Express+, Premiere, Premiere+,

Streaming Stick, Streaming Stick+, Ultra, Ultra LT, Streambar, Streambar Pro, and Roku TV

Products (hereinafter, collectively, **"Roku Devices"**) and its practices with respect to, and use of, the same, as well as its Roku Mobile App.

44.     Roku has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States its Roku Devices and/or Roku Mobile App.

45.     Roku's customers have directly infringed and continue to directly infringe the Patents-in-Suit by using the Roku Devices and/or Roku Mobile App purchased from Roku. Through its product manuals and/or sales and marketing activities, Roku solicits, instructs, encourages, and aids and abets its customers to purchase and use the Roku Devices and Roku Mobile App in an infringing way.

46.     Roku makes, uses, sells, offers to sell, and/or imports into the United States a computer readable medium, with at least part of a software program recorded therein, including but not limited to computer readable recording mediums with one or more versions of Roku's TV operating system (hereinafter "**Roku TV OS**") or Roku's Mobile App. On information and belief, Roku licenses and supplies Roku TV OS to customers for use in televisions, which Roku's customers make, use, sell, offer for sale, and/or import into the United States. Such televisions include televisions made, used, sold, offered for sale, and/or imported into the United States by Roku customers under the TCL, Hisense, Philips, Sanyo, Element, JVC, RCA, Hitachi, Magnavox, Westinghouse, Onn, and InFocus brand names, and include but are not limited to the TCL 32S3750; TCL 40FS3750; TCL 32S325; TCL 32S327; TCL 32S321; TCL 40S327; TCL 43S327; TCL 32S335; TCL 55C807; TCL 50S425; TCL 55S425; TCL 65S425; TCL 75R615; TCL

43S525; TCL 65S525; TCL 75S425; TCL 75Q825; TCL 55S535; TCL 55R635; TCL 65S535; TCL 75S535; TCL 75R635; TCL 43S433; TCL 50S435; TCL 55S433; TCL 65S433; TCL 85S435; TCL 85R745; Hisense 32H4F; Hisense 40H4030F1; Hisense 43H4; Hisense 32H4F5; Hisense 40H4; Hisense 55R8F5; Hisense 65R68F5; Hisense 55R6G; Hisense 55R6090G5; Philips 32PFL4664/F7; Philips 32PFL4664/F7; Philips 32PFL4764F7; Philips 55PFL4864/F7; Philips 55PFL4864/F7; Sanyo FW32R19F; Sanyo FW55R70F; Sanyo FW65R70F; Element E2AA40R-G; Element E2AA40R-T; Element E4AA43R-G; Element E1AA32R-G; JVC LT-70MAW795; Element E1AA24R; JVC 50MAW595; JVC LT-40MAW305; JVC LT-55MAW595; JVC LT-40MAR305; JVC LT-58MAR595; JVC 58MAW595; JVC LT-43MAW595; JVC LT-32MAW205; JVC LT-49MAW598; JVC LT-70MAW795; JVC LT-65MAW595; JVC LT-32MAW388; RCA RTR4060-W; RCA RTRU5027-W; RCA RTRU5527-W; RCA RTR3260-W; RCA RTRU6527-US; RCA RTR4360-W; RCA RTRQ6522-US; RCA RTRQ5522-US; Hitachi 43R51; Hitachi 40RC53; Hitachi 32RC23; Hitachi 32R21; Magnavox 65MV379R/F7; Magnavox 55MV379R/F7; Magnavox 50MV349/F7; Magnavox 43MV349R/F7; Magnavox 32MV319R/F7; 24" HD onn. Roku TV; 32" HD onn. Roku TV; 65" 4K UHD onn. Roku TV (100012587); 70" 4K UHD onn. Roku TV (100012588); 65" 4K UHD TCL Roku TV (65S435); 75" 4K UHD TCL Roku TV (75S435); RCA RTR4360-W; Westinghouse WR42FX2002; Westinghouse WR55UT4019; Westinghouse WR65UT4019; Westinghouse WR58UX4019; Westinghouse WR75UX4200; onn. 32" Class HD (720P) Roku Smart LED TV (100012589); onn. 65" Class 4K (2160p) UHD LED Roku Smart TV HDR (100012587); onn. 43" Class 4K UHD LED Roku Smart TV HDR (100012584); onn. 70 Class 4K UHD (2160P) LED Roku Smart TV HDR (100012588); onn. 50" Class 4K (2160P) Roku Smart LED TV (100012585); onn. 24" Class 720P HD LED Roku Smart TV (100012590); onn. 55 Class 4K UHD (2160P) LED Roku Smart TV HDR

(100012586); onn. 50" Class 4K UHD HDR10 Roku Smart LED TV (100005396); onn. 50" Class 4K UHD HDR10 Roku Smart LED TV (100007147); onn. 50" Class 4K(2160P) UHD HDR10 Roku Smart LED TV (100005843); onn. 40" Class FHD (1080P) Roku Smart LED TV; onn. 60" Class 4K UHD HDR Roku Smart LED TV (100024699); onn. 50" Class 4K UHD LED Roku Smart TV 100021258; onn. 58" Class 4K Ultra HD (2160P) HDR10 Roku Smart LED TV; and InFocus IN45FA40PR televisions (hereinafter, collectively, "**Roku TV Products**").

47.    Roku has knowledge of the Patents-in-Suit since at least receipt of service of this Complaint.

48.    Roku's ongoing actions are with specific intent to cause infringement of one or more claims of each of the Patents-in-Suit.

49.    Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Roku's specific intent and/or willful blindness with respect to infringement.

50.    Flexiworld has been and continues to be damaged as a result of Roku's infringing conduct. Roku is therefore liable to Flexiworld in an amount that adequately compensates Flexiworld for Roku's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

51.    Roku markets and sells other products that are not covered by the claims of the Patents-in-Suit but that are sold with or in conjunction with the Roku Devices, Roku Mobile App, and Roku streaming services. Accordingly, Flexiworld is entitled to collect damages from Roku for convoyed sales of certain non-patented items.

52.     Roku failed to obtain permission from Flexiworld to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit including, but not limited to, the Roku Devices and/or the Roku Mobile App.

53.     Attached hereto are **Exhibits 5 – 8**, and incorporated herein by reference, are representative claim charts detailing how the exemplar Roku Devices and Roku Mobile App, including Roku's practices with respect to the same, have, and continue to, infringe one or more claims of the Patents-in-Suit.

54.     For each count of infringement listed below, Flexiworld incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

## COUNT I – INFRINGEMENT OF THE '577 PATENT

55.     Flexiworld incorporates herein the allegations made in paragraphs 1 through 54.

56.     Roku has and continues to directly infringe one or more claims of the '577 Patent, including, for example, claims 1 and 23, in violation of 35 U.S.C. § 271(a) by making, using, testing, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Roku Devices.

57.     An exemplary claim chart demonstrating Roku's infringement of the '577 Patent, as well as Roku's customers' infringement of the '577 patent, which is induced by Roku, is attached as **Exhibit 5** and incorporated herein by reference.

58.     Additionally, Roku is indirectly infringing the '577 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to make, use, sell, offer for sale, and/or import into the United States the Roku Devices, by inducing customers to purchase the Roku Devices, and/or by

instructing customers how to use the Roku Devices in a way that directly infringes at least claims 1 and 23 of the '577 Patent.

59.     Roku has had actual knowledge of the '577 Patent since at least receipt of service of this Complaint.

60.     On information and belief, Roku's ongoing actions represent a specific intent to induce infringement of at least claims 1 and 23 of the '577 Patent.  For example, Roku offers its customers extensive customer support and instructions, including instructional videos and webpages, that instruct and encourage its customers to infringe the '577 Patent via at least their use of the Roku Devices.  *See, e.g.,* https://www.roku.com/products/players; https://www.roku.com/how-it-works; https://support.roku.com/article/208754888; https://www.roku.com/products/roku-tv; https://www.roku.com/products/roku-tv/ease-of-use; https://www.roku.com/products/roku-tv/features; https://support.roku.com/category/200889378; https://support.roku.com/category/115001360548; *see also* **Exhibit 5** and materials cited therein.

61.     As a result of Roku's infringement of the '577 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '822 PATENT

62.     Flexiworld incorporates herein the allegations made in paragraphs 1 through 61.

63.     Roku has and continues to directly infringe one or more claims of the '822 Patent, including, for example, claim 39, in violation of 35 U.S.C. § 271(a) by making, using, testing, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Roku Mobile App.

64.     An exemplary claim chart demonstrating Roku's infringement of the '822 Patent, as well as Roku's customers' infringement of the '822 patent, which is induced by Roku, is attached as **Exhibit 6** and incorporated herein by reference.

65.     Additionally, Roku is indirectly infringing the '822 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase and/or download the Roku Mobile App, by inducing customers to make, use, sell, offer for sale, and/or import into the United States the Roku Mobile App, and/or by instructing customers how to use the Roku Mobile App in a way that directly infringes at least claim 39 of the '822 Patent.

66.     Roku has had actual knowledge of the '822 Patent since at least receipt of service of this Complaint.

67.     On information and belief, Roku's ongoing actions represent a specific intent to induce infringement of at least claim 39 of the '822 Patent.  For example, Roku offers its customers extensive customer support and instructions, including instructional videos and webpages, that instruct and encourage its customers to infringe the '822 Patent via at least their use of the Roku Mobile App.  *See, e.g.*, https://www.roku.com/mobile-app; https://support.roku.com/category/200889378; *see also* **Exhibit 6** and materials cited therein.

68.     As a result of Roku's infringement of the '822 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT III – INFRINGEMENT OF THE '257 PATENT

69.     Flexiworld incorporates herein the allegations made in paragraphs 1 through 68.

70.     Roku has and continues to directly infringe one or more claims of the '257 Patent, including, for example, claim 27, in violation of 35 U.S.C. § 271(a) by making, using, testing,

selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Roku Mobile App.

71.    An exemplary claim chart demonstrating Roku's infringement of the '257 Patent, as well as Roku's customers' infringement of the '257 patent, which is induced by Roku, is attached as **Exhibit 7** and incorporated herein by reference.

72.    Additionally, Roku is indirectly infringing the '257 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase and/or download the Roku Mobile App, by inducing customers to make, use, sell, offer for sale, and/or import into the United States the Roku Mobile App, and/or by instructing customers how to use the Roku Mobile App in a way that directly infringes at least claim 27 of the '257 Patent.

73.    Roku has had actual knowledge of the '257 Patent since at least receipt of service of this Complaint.

74.    On information and belief, Roku's ongoing actions represent a specific intent to induce infringement of at least claim 27 of the '257 Patent.  For example, Roku offers its customers extensive customer support and instructions, including instructional videos and webpages, that instruct and encourage its customers to infringe the '257 Patent via at least their use of the Roku Mobile App.  *See, e.g.*, https://www.roku.com/mobile-app; https://support.roku.com/category/200889378; *see also* **Exhibit 7** and materials cited therein.

75.    As a result of Roku's infringement of the '257 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT IV – INFRINGEMENT OF THE '031 PATENT

76.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 75.

77.     Roku has and continues to directly infringe one or more claims of the '031 Patent, including, for example, claim 34, in violation of 35 U.S.C. § 271(a) by making, using, testing, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Roku Mobile App.

78.     An exemplary claim chart demonstrating Roku's infringement of the '031 Patent, as well as Roku's customers' infringement of the '031 patent, which is induced by Roku, is attached as **Exhibit 8** and incorporated herein by reference.

79.     Additionally, Roku is indirectly infringing the '031 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase and/or download the Roku Mobile App, by inducing customers to make, use, sell, offer for sale, and/or import into the United States the Roku Mobile App, and/or by instructing customers how to use the Roku Mobile App in a way that directly infringes at least claim 34 of the '031 Patent.

80.     Roku has had actual knowledge of the '031 Patent since at least receipt of service of this Complaint.

81.     On information and belief, Roku's ongoing actions represent a specific intent to induce infringement of at least claim 34 of the '031 Patent.  For example, Roku offers its customers extensive customer support and instructions, including instructional videos and webpages, that instruct and encourage its customers to infringe the '031 Patent via at least their use of the Roku Mobile App.  *See, e.g.*, https://www.roku.com/mobile-app; https://support.roku.com/category/200889378; *see also* **Exhibit 8** and materials cited therein.

82.     As a result of Roku's infringement of the '031 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flexiworld demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Flexiworld respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.    A judgment that Roku has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.    A judgment and order requiring Roku to pay Flexiworld past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

c.    A judgment and order requiring Roku to pay Flexiworld reasonable ongoing royalties on a going-forward basis after final judgment;

d.    A judgment and order requiring Roku to pay Flexiworld pre-judgment and post-judgment interest on the damages award;

e.    A judgment and order requiring Roku to pay Flexiworld's costs; and

f.    Such other and further relief as the Court may deem just and proper.

Dated: July 27, 2021          Respectfully submitted,

*/s/ Timothy E. Grochocinski*
**TIMOTHY E. GROCHOCINSKI**
ILLINOIS BAR NO. 6295055
**CHARLES AUSTIN GINNINGS**
NEW YORK BAR NO. 4986691
**NELSON BUMGARDNER ALBRITTON PC**
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
708.675.1974 (telephone)
tim@nbafirm.com
austin@nbafirm.com

**EDWARD R. NELSON III**
STATE BAR NO. 00797142
**RYAN P. GRIFFIN**
STATE BAR NO. 24053687
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
ed@nbafirm.com
ryan@nbafirm.com

COUNSEL FOR PLAINTIFF
FLEXIWORLD TECHNOLOGIES, INC.